**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **PAPST LICENSING GMBH & CO. KG,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 6:15-cv-1095** |
| **v.** | § § | |
| **APPLE, INC.,** | § § | **Jury Trial Demanded** |
| **Defendant.** | § § § § | |

## ORIGINAL COMPLAINT

Plaintiff Papst Licensing GmbH & Co., KG ("Papst Licensing" or "Plaintiff") files this Complaint against Apple, Inc. ("Apple" or "Defendant") for infringement of U.S. Patent Nos. 6,473,399 (the "'399 Patent"); 8,504,746 (the "'746 Patent"); 8,966,144 ("'144 Patent"); and 9,189,437 (the "'437 Patent") (collectively, the "Patents").

## I.  PARTIES

1.      Plaintiff Papst Licensing is a company existing under the laws of the Federal Republic of Germany, with its principal place of business located at Bahnofstrasse 33, 78112 St. Georgen, Germany.

2.      Upon information and belief, Defendant Apple, Inc. is a corporation organized under the laws of the State of California, with its principal places of business located at 1 Infinite Loop, Cupertino, CA 95014. Apple, Inc. also has a place of business at 12545 Riata Vista Circle, Austin, Texas 78727. Upon information and belief, Defendant Apple, Inc. is authorized to do business in Texas. Apple, Inc. may be served by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**ORIGINAL COMPLAINT**

## II.  JURISDICTION AND VENUE

3.      This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

4.      This Court has personal jurisdiction over Apple, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400. This Court has personal jurisdiction over Apple because, among other things, Apple has established minimum contacts within the forum such that the exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. For example, Apple has placed products that practice and/or embody the claimed inventions of the Patents into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, Apple has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents. Apple derives substantial revenue from the sale of infringing products distributed within the district, and/or expects or should reasonably expect its actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

## III.  FACTUAL BACKGROUND

5.      The name Papst has been closely associated with patents and the protection of intellectual property for over seventy years. Hermann Papst was an engineer and inventor who was responsible for over four hundred patents in a variety of technical fields. Mr. Hermann Papst's licensure of a patent pertaining to loudspeakers enabled him to launch Papst-Motoren GmbH & Co. KG—a business that generated over six hundred patents on in-house products such as small electric motors and cooling fans. In 1992, Papst-Motoren's patent portfolio was sold to

Papst Licensing, a company founded by Mr. Hermann Papst's son, Mr. Georg Papst. Papst Licensing is a patent licensing company protecting its own and others' intellectual property rights. After Hermann Papst's death in 1981 and the passing of Georg Papst in 2012, the family business is now run by the third generation of Papsts.

6. The '399 Patent was filed on March 3, 1998 and issued on October 22, 2002. The '746 Patent was filed on September 27, 2010 and issued on August 6, 2013. The '144 Patent was filed on August 24, 2006 and issued on February 24, 2015. The '437 Patent was filed on August 24, 2006 and issued on November 17, 2015. The '399, '746, '144 and '437 Patents are generally directed towards methods and systems for the transfer of data and in particular to interface devices for communication between a computer or host device and a data transmit/receive device from which data is to be acquired or with which two-way communication is to take place.

7. Papst Licensing acquired the Patents through its predecessor-in-interest, Labortechnik Tasler GmbH—a pioneer and leader in the area of interface devices and software.

8. Plaintiff Papst Licensing has obtained all substantial right and interest to the Patents, including all rights to recover for all past and future infringements thereof.

9. On or around August 29, 2007, Papst Licensing notified Apple of certain Papst Licensing patents, specifically including the '399 Patent and its infringement thereof. The parties exchanged correspondence thereafter until mid-2010 regarding Apple's infringement.

10. On information and belief, Apple has monitored Papst's patent prosecution activities at least since being notified of its infringement of the '399 Patent and thus has had actual or constructive knowledge of the '746, '144 and '437 Patents. In all events, Apple has knowledge of the '746, '144 and '437 Patents by virtue of service of this complaint.

11.     Apple has infringed and continues to infringe the Papst Patents by making, selling, offering for sale, importing, and using products and software in an infringing manner, including but not limited to Apple's iPad, iPod and iPhone products, as well as any other products operating in a substantially similar manner. Moreover, Apple provides its customers with the accused software and instructs its customers to use the software in an infringing manner, including through its website at https://support.apple.com/manuals/.

12.     In addition, Apple knowingly, actively induced and continues to knowingly actively induce (or is willfully blind to the) infringement of one or more of the Patents within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the asserted Patents, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

13.     Moreover, Apple knowingly contributed to the infringement of one or more of the Patents by others in this district, and continues to contribute to the infringement of one or more of the Patents by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the Patents, knowing of the Patents and their claims, knowing those components to be especially made or especially adapted for use to infringe one or more of the Patents, and knowing that those

components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## IV. PATENT INFRINGEMENT

### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 6,473,399

14.     Papst Licensing is the assignee of the '399 Patent, entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

15.     The '399 Patent is valid and enforceable.

16.     Apple has directly infringed and continues to infringe one or more claims of the '399 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing, using, offering for sale, and/or selling the claimed system and methods of the '399 Patent. At a minimum, Apple has been, and now is, infringing claims of the '399 Patent by making, importing and/or using infringing systems and/or methods. Apple's infringing products include, but are not limited to, Apple's iPad, iPod and iPhone product lines that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'399 Infringing Products"). Papst Licensing alleges that each and every element is literally present in

the '399 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

17.     Apple has indirectly infringed the '399 Patent by inducing the infringement of the '399 Patent. With knowledge of the '399 Patent, Apple directs and aids its customers in using the '399 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://support.apple.com/manuals/) to customers with knowledge that the induced acts constitute patent infringement. Apple possesses specific intent to encourage infringement by its customers.

18.     Apple has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '399 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '399 Infringing Products. Apple knows that those products: constitute a material part of the inventions claimed in the '399 Patent; are especially made or adapted to infringe the '399 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '399 Patent.

19.     Papst Licensing has been damaged as a result of Apple's infringing conduct. Apple is thus liable to Papst Licensing in an amount that adequately compensates it for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II — INFRINGEMENT OF U.S. PATENT NO. 8,504,746

20.     Papst Licensing is the assignee of the '746 Patent, entitled "Analog Data Generating And Processing Device For Use With A Personal Computer," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

21.     The '746 Patent is valid and enforceable.

22.     Apple has directly infringed and continues to infringe one or more claims of the '746 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing using, offering for sale, and/or selling the claimed systems and methods. At a minimum, Apple has been, and now is, infringing claims of the '746 Patent by making, having made, importing and/or using infringing systems and/or methods. Apple's infringing products include, but are not limited to, Apple's iPad, iPod and iPhone product lines that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'746 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '746 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

23.     Apple has indirectly infringed the '746 Patent by inducing the infringement of the '746 Patent. With knowledge of the '746 Patent, Apple directs and aids its customers in using the '746 Infringing Products by the provision of its products and software, and related equipment

**ORIGINAL COMPLAINT**

and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://support.apple.com/manuals/) to customers with knowledge that the induced acts constitute patent infringement. Apple possesses specific intent to encourage infringement by its customers.

24.     Apple has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '746 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '746 Infringing Products. Apple knows that those products: constitute a material part of the inventions claimed in the '746 Patent; are especially made or adapted to infringe the '746 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '746 Patent.

25.     Papst Licensing has been damaged as a result of Apple's infringing conduct. Apple is thus liable to Papst Licensing in an amount that adequately compensates it for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III — INFRINGEMENT OF U.S. PATENT NO. 8,966,144

26.     Papst Licensing is the assignee of the '144 Patent, entitled "Analog Data Generating And Processing Device Having A Multi-Use Automatic Processor," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

27.     The '144 Patent is valid and enforceable.

**ORIGINAL COMPLAINT**

28.     Apple has directly infringed and continues to infringe one or more claims of the '144 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing, using, offering for sale, and/or selling the claimed system and methods of the '144 Patent. At a minimum, Apple has been, and now is, infringing claims of the '144 Patent by making, having made, importing and/or using infringing systems and/or methods. Apple's infringing products include, but are not limited to, Apple's iPad, iPod and iPhone product lines that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'144 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '144 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

29.     Apple has indirectly infringed the '144 Patent by inducing the infringement of the '144 Patent. With knowledge of the '144 Patent, Apple directs and aids its customers in using the '144 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://support.apple.com/manuals/) to customers with knowledge that the induced acts constitute patent infringement. Apple possesses specific intent to encourage infringement by its customers.

30.     Apple has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '144 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or

**ORIGINAL COMPLAINT**

importing into the United States, the '144 Infringing Products. Apple knows that those products: constitute a material part of the inventions claimed in the '144 Patent; are especially made or adapted to infringe the '144 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '144 Patent.

31.     Papst Licensing has been damaged as a result of Apple's infringing conduct. Apple is thus liable to Papst Licensing in an amount that adequately compensates it for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV — INFRINGEMENT OF U.S. PATENT NO. 9,189,437

32.     Papst Licensing is the assignee of the '437 Patent, entitled "Analog Data Generating And Processing Device For Use With A Personal Computer," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

33.     The '437 Patent is valid and enforceable.

34.     Apple has directly infringed and continues to infringe one or more claims of the '437 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing using, offering for sale, and/or selling the claimed systems and methods. At a minimum, Apple has been, and now is, infringing claims of the '437 Patent by making, having made, importing and/or using infringing systems and/or methods. Apple's infringing products include, but are not limited to, Apple's iPad, iPod and iPhone product lines that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP")

and/or Media Transfer Protocol ("MTP") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'437 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '437 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

35.     Apple has indirectly infringed the '437 Patent by inducing the infringement of the '437 Patent. With knowledge of the '437 Patent, Apple directs and aids its customers in using the '437 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://support.apple.com/manuals/) to customers with knowledge that the induced acts constitute patent infringement. Apple possesses specific intent to encourage infringement by its customers.

36.     Apple has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '437 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '437 Infringing Products. Apple knows that those products: constitute a material part of the inventions claimed in the '437 Patent; are especially made or adapted to infringe the '437 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '437 Patent.

37.     Papst Licensing has been damaged as a result of Apple's infringing conduct. Apple is thus liable to Papst Licensing in an amount that adequately compensates it for Apple's

**ORIGINAL COMPLAINT**

infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V. WILLFULNESS

38.     Papst Licensing alleges upon information and belief that Apple has knowingly or with reckless disregard willfully infringed the '399 Patent. Apple's knowledge includes knowledge of the '399 Patent by virtue of Papst Licensing having notified Apple of its infringing acts. Apple acted with knowledge of the '399 Patent and despite an objectively high likelihood that its actions constituted infringement of Papst Licensing's valid patent rights.

39.     This objectively-defined risk was either known or so obvious that is should have been known to Apple. Papst Licensing seeks enhanced damages pursuant to 35 U.S.C. §284.

## VI. JURY DEMAND

40.     Papst Licensing demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Fed. R. Civ. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Papst Licensing prays for judgment and seeks relief against Defendant as follows:

a.     Judgment that one or more claims of U.S. Patent Nos. 6,473,399; 8,504,746; 8,966,144; and 9,189,437 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

c.     That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

d.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**ORIGINAL COMPLAINT**

Dated:  November 30, 2015

Respectfully submitted,

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor
Texas State Bar No. 00791991
LEAD ATTORNEY
Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
Texas State Bar No. 24036522
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627
cgoodpastor@dpelaw.com
adinovo@dpelaw.com
aprice@dpelaw.com
jellwanger@dpelaw.com

**ATTORNEYS FOR PLAINTIFF**
**PAPST LICENSING GMBH & CO. KG**

**ORIGINAL COMPLAINT**